E. Evans Wohlforth, Jr., Esq.
Jason R. Halpin, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
973-596-4500
*Attorneys for Defendant*
*Cigna Health and Life Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MONMOUTH COUNTY PAIN MANAGEMENT, DR. BRIAN BANNISTER A/S/O PATIENT PATRICIA W.,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and SETON HALL UNIVERSITY,<br><br>Defendants. | Civil Action No. 22-cv-5443<br><br>*Document electronically filed*<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. MON-L-2063-22] |

TO:   **Clerk of the Court**
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Lori Shlionsky, Esq.
Callagy Law P.C.
Mack-Cali Centre II
650 From Road, Suite 240
Paramus, New Jersey 07652
*Attorneys for Plaintiff*
*Monmouth County Pain Management,*
*Dr. Brian Bannister A/S/O Patient Patricia W.*

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441(a), (c) and 1446, Defendant Cigna Health and Life Insurance Company (hereinafter "Cigna"), through its attorneys Gibbons P.C., hereby files this Notice of Removal to remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey. For the reasons stated below, removal of this action is proper because Plaintiff's Complaint challenges Defendants' alleged failure to pay the appropriate amounts for services pursuant to an employer-sponsored health benefits plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"); therefore, these claims are completely preempted by ERISA and this Court has federal question jurisdiction under 28 U.S.C. § 1331. As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c).

### I. PROCEEDINGS TO DATE

1. A lawsuit styled Monmouth County Pain Management, Dr. Brian Bannister A/S/O Patient Patricia W. v. Cigna Health and Life Insurance Company and Seton Hall University, was filed on July 29, 2022, in the Superior Court of New Jersey, Law Division, Monmouth County (the "State Court Action").

2. Attached hereto as Exhibit A are copies of all process, pleadings, and orders received by Cigna relating to the State Court Action, consisting at this time of: (a) Summons; (b) Track Assignment Notice; and (c) Complaint.[1]

---

[1] Recitation in this Notice of Removal of certain allegations in the pleadings in this matter is not an admission of their truth. Defendant does not waive, and hereby expressly reserves, all rights, privileges, and defenses in this matter.

## II.  PLAINTIFF'S COMPLAINT

3. Plaintiff alleges it is a healthcare provider in the State of New Jersey with its principal place of business located at 432 Ocean Blvd., Unit 201, Long Branch, New Jersey 07740. See Ex. A ("Compl."), The Parties, ¶ 1.

4. Plaintiff alleges that this lawsuit arises from Defendants' alleged failure to pay for surgical and medical services provided by Plaintiff to patient Patricia W. ("Patient"). Compl., Anatomy of the Claim, ¶¶ 8, 9, 10, 15, 20.

5. Plaintiff alleges that the Patient had health insurance through her employer, Seton Hall University, which provided benefits through a health plan (the "Plan") administered by Cigna. Id., ¶¶ 1-2.

6. The Complaint further alleges that the Patient went to Hudson Regional Hospital on September 11, 2019 with radiating back and leg pain caused by severe spinal stenosis. Id., Anatomy of the Claim, ¶ 3.

7. Plaintiff alleges that it provided "medically-necessary" services to the Patient on September 11, 2019—specifically, laminectomies on four vertebrae. Id. ¶¶ 4-5.

8. Plaintiff alleges that at the time of the surgery, it was a non-participating or out-of-network provider. Id. ¶ 6.

9. According to the Complaint, the surgery Plaintiff performed allegedly qualified as a covered medical procedure under the terms of the Plan's Summary Plan Description ("SPD"). Id. ¶ 7.

10. The Complaint alleges that Plaintiff submitted a bill for its services totaling $200,900. Id. ¶ 8.

11. Plaintiff alleges that on April 2, 2020, Defendants allowed reimbursement for Plaintiff's services in the amount of $623.88. Id. ¶ 9.

12. Plaintiff alleges that the reimbursement allowed by Defendants represents an underpayment of approximately $26,585.82. Id. ¶ 10.

13. The Complaint alleges that the SPD provides for reimbursement to providers such as Plaintiff pursuant to the Plan's Maximum Reimbursable Charge provision and purports to quote the language of the Maximum Reimbursable Charge provision. Id. ¶¶ 11-12.

14. The Complaint alleges that Plaintiff did not submit a Medicare ID with its claim and that, therefore, the applicable pay rate for its claim is the 80th percentile of charges by providers of such services in the geographic area where the services were provided. Id. ¶¶ 13-14.

15. Plaintiff alleges that it disputes Defendants' calculation of the reimbursement for five CPT Codes that it billed in connection with the services. Id. ¶ 15.

16. Plaintiff alleges that it appealed Defendants' determination on multiple occasions and that in correspondence dated June 12, 2020, Defendants' advised that Plaintiff had exhausted the appeals process. Id. ¶¶ 16-17.

17. Accordingly, the Complaint alleges that Plaintiff has exhausted all administrative remedies. Id. ¶ 18.

18. The Complaint alleges that Plaintiff brought suit pursuant to an assignment of benefits from the Patient. Id. ¶ 19.

19. Plaintiff alleges that it is seeking to recover the balance of benefits due to the Patient under the terms of the Plan for the services Plaintiff rendered to her. Id. ¶ 20.

20. The Complaint purports to allege four causes of action for breach of contract, unjust enrichment, promissory estoppel, and breach of duty of good faith and fair dealing.

21. The Complaint seeks relief in the form of compensatory damages totaling $26,585.82, plus interest, costs, attorney's fees, and other declaratory relief. Compl., Wherefore Clause.

22. Certain or all of the claims at issue in this matter are covered, if at all, by an employer-sponsored health-benefits plan governed by ERISA. See 29 U.S.C. § 1002(1)(A).

23. Indeed, as described above, Plaintiff alleges that the Patient had health insurance through her employer, Seton Hall University, and that the Plan of which she was a beneficiary was administered by Cigna. Compl., Anatomy of the Claim, ¶¶ 1-2.

24. Because, as detailed below, the Complaint seeks reimbursement of amounts paid for medical services pursuant to an employee-benefit plan subject to ERISA, this action concerns, in part or in whole, claims for benefits offered to ERISA plan participants.

### III. GROUNDS FOR REMOVAL - FEDERAL QUESTION JURISDICTION

25. This Court has subject matter jurisdiction in this matter under the Court's federal question jurisdiction. As described in Part II above, because certain or all of the Claims concern an alleged failure to reimburse benefits under an ERISA-governed plan, any state-law claims against Defendants based upon that alleged failure are completely preempted by ERISA and removable to this Court based upon its federal-question jurisdiction under 28 U.S.C. § 1331. Upon information and belief, Plaintiff seeks reimbursement of medical benefits issued to a beneficiary of an ERISA-governed policy.

26. As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the "exclusive" remedies available for the allegedly erroneous denial, non-payment or underpayment

of benefits available under an ERISA-governed health benefits plan.  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987).

27. Indeed, the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits.  See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); see also Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

28. In Davila, two members of ERISA-governed plans asserted state-law claims against managed-care companies seeking damages resulting from injuries allegedly sustained as a result of the defendants' decision not to cover treatments recommended by the members' treating physicians.  Id. at 204-05.  There, the Supreme Court held that the state-law claims were completely preempted by ERISA and thus removable to federal court, because the defendants' liability for any damages "would exist here only because of petitioners' administration of ERISA-regulated benefit plans," and thus the defendants' "potential liability under [state law] in these cases . . . derives entirely from the particular rights and obligations established by the benefit plans."  Id. at 213.

29. The same is true here because the certain or all of the claims set forth in the Complaint derive solely or in material part from coverage determinations made under the insured's ERISA-regulated health benefit plans.  Id.  Such claims are preempted "no matter how couched." Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 273 (3d Cir. 2001).  The Complaint is thus

6

preempted by ERISA, and this action is properly removable to this Court. See Davila, 542 U.S. at 213; see also Pryzbowski, 245 F.3d at 273 (noting that claims challenging the administration of or eligibility for benefits "fall[] within the scope of § 502(a) and [are] completely preempted").

### IV.   SUPPLEMENTAL JURISDICTION

30.   This Court has supplemental jurisdiction over any non-ERISA causes of action which may be construed in Plaintiff's Complaint under 28 U.S.C. §§ 1367 and 1441(c).

### V.   VENUE

31.   The State Court Action was filed in the Superior Court of New Jersey, Law Division, Monmouth County, which is within this judicial district. See 28 U.S.C. § 110. This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

### VI.   TIMELINESS

32.   Plaintiff attempted to serve Cigna on August 8, 2022 via personal service on Cigna at its offices in Bloomfield, Connecticut.

33.   Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446, because 30 days has not passed under Fed. R. Civ. P. 6 since receipt by Cigna, through proper service of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999) (holding that proper service under state law triggers the time period for filing of removal).

### VII.   NOTICE

34.   Cigna will give written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, will be filed electronically with the clerk of the Superior Court of New Jersey, Law Division, Monmouth County, in the form attached here to as Exhibit B.

7

## VIII.   CONSENT

35.     Defendant Seton Hall University consents to the removal of this action to the United States District Court for the District of New Jersey, from the Superior Court of New Jersey, Law Division, Monmouth County.

36.     Attached hereto as Exhibit C is a Consent to Notice of Removal executed by Seton Hall University, by and through its counsel, Archer & Greiner P.C., to confirm its consent in writing to the Court.

## IX.   CONCLUSION

37.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

38.     Based on the foregoing, Cigna respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Dated: September 7, 2022
  Newark, New Jersey

By: *s/ Jason R. Halpin*
  E. Evans Wohlforth, Jr., Esq.
  Jason R. Halpin, Esq.
  **GIBBONS P.C.**
  One Gateway Center
  Newark, New Jersey 07102-5310
  Tel:  (973) 596-4500
  Fax:  (973) 639-6486
  ewohlforth@gibbonslaw.com
  jhalpin@gibbonslaw.com